HARRIS J.,
delivered the opinion of the Court.
This action of ejectment was brought by Freedle, the defendant in error, in the Circuit Court of Tipton county. The plaintiffs in error, .who were permitted to defend, pleaded not guilty, upon which issue was taken. There was a verdict for the defendant in error, upon which judgment was rendered, and on the Court’s refusing a new trial, the defendants below have prosecuted a writ of error to this Court. Upon the trial, the plaintiff below read as evidence to the jury, a grant from the State of Tennessee to himself, for the land in controversy, issued on the 1st day of December, 1854, founded on an entry dated the 24th day of July, 1854, and surveyed the 2d day of October, 1854.
The defendant below then read to the jury, a certi fied copy of entry, Ho. 394, in the name of Goodrich and Wheaton, for the 'same land, under which they’ claim, dated 23d December, 1820, and by virtue of which they seek to vitiate the plaintiff’s grant under the provisions of the 1st section of the act of 1851, ch. 326.
To avoid the effects of this entry, the plaintiff offered in evidence, a tax sale deed, executed by Isaac C. Clark, former sheriff and tax collector for Tipton county, on the 18th day of September, 1848, and founded on a sale made on the first Monday in -July, 1847, at which the plaintiff purchased the land in controversy.
This deed was both executed and acknowledged for probate by Clark, after he ceased to be sheriff and tax collector for said county.
The deed recites that a judgment was rendered in or of the State by the Circuit Court of Tipton county, *314 in February, 1847, for $6 50, for taxes, costs and charges, due and unpaid, for the year 1846, against a tract of land of which Cf-oodrieh and Wheaton are the reputed owners, lying in Tipton county, &c. That he sold said tract of land to the plaintiff by virtue of an order of sale issued on said judgment. To the reading of this deed, the defendants objected, on the ground that the acknowledgment of its execution was made by Clark after he ceased to be sheriff and tax collector. Both the execution and acknowledgment were made on the same day. The objection was overruled by the Court, and the deed was read to the jury.
The plaintiff then' proved the delivery of the following notice to John B. "Wade, who he also proved was in possession of the land at the time.
Mr. John B. Wade — Sir:—You will take notice that on the expiration of thirty days, from the service of this notice, I shall proceed to enter the tract of land on which you now reside.
This notice was dated the 9th June, 1854, and signed “Willis Freedle.”
This was all the evidence that is regarded as in any way material to the questions presented.
The deed does not recite that the land in question had been “duly reported” for non-payment of taxes, nor was the judgment condemning the land produced in evidence. By the 1st section of the act of 1851, ch. 826, it is provided, that “hereafter it shall not be lawful for any person to enter any land in any of the entry-takers offices, on which land another resides, or which is cultivated by another, or which has been previously entered, until such person shall have given, in writing, *315 at least thirty days previous notice to the person residing on or cultivating said land, or to the previous enterer, or his or their assignees, of his intention to enter the same, and any entry made, or grant obtained, contrary to the provisions of this ■ act, shall he void.” Under the provisions of this act, the defendants below insist that the plaintiff’s grant is void, for want of the required notice to the original enterers or their assignees. The plaintiff meets this objection, by assuming that by virtue of his purchase and tax deed, he is himself, the assig-nee of said entry, and as such, had a right to obtain his grant. The defendants reply, that both the deed and the tax sale are void. The sale is void, because the deed does not recite that the land had been duly reported for non-payment of the taxes thereon, and the deed is the only evidence adduced of the sale; and that the deed is void, because it was both executed and acknowledged by Clark, after he ceased to be sheriff and collector of taxes for the county of Tipton. This deed is the only evidence introduced by the plaintiff to show the validity of the sale. A tax deed is prima facie evidence of the facts it recites; but the first question is, does it recite enough to give jurisdiction to the Court to condemn the land.
The 1st section of the act of 1844, ch. 92, provides, “ That in all cases of sales for land hereafter made for public taxes, under the provisions of the laws now in force, it shall be sufficient to make such sale valid and communicate good title to the purchaser, that the land so sold lies in the county in which it has been reported for non-payment of the taxes thereon; that it has been duly reported; that an order of sale has been awarded, *316 and that the sale of said land was duly advertised; to establish which facts the sheriff’s deeds, reciting their existence, shall he prima facie evidence, and all judgments or orders of sale shall he conclusive, unless the person wishing to show the irregularity of the same, can prove that the taxes were duly paid before such judgment or order of sale was rendered.”
We regard the recitations in the deed, if it were valid, as prima facie true; hut does it recite the necessary facts, to give the Circuit Court jurisdiction to render judgment against the land? We think not.
We have seen, that hy the statute it is required to make such sale valid, and communicate a good title to the purchaser, it must appear that the land so sold, lies in the county in which it has been reported for non-payment of the taxes thereon. (See, also, Williams vs. Harris; 4 Sneed’s R., 332.) That it has been duly reported; that an order of sale has been awarded, and that the sale of said land was duly advertised. Now, this deed does not recite, nor is there anything in this record to show that this land ever was “ duly reported ” for the non-payment of the taxes thereon. Without such report duly made, even under the provisions of this statute, which is sufficiently, stringent against the owner, the Court would not have jurisdiction to render judgment against the land, and the entire proceeding would be coram non judice and void.
We also think that this deed, having been executed and acknowledged by Clark, after his term of office as sheriff and tax collector had expired, communicated no title to the purchaser.
It was by virtue of the office alone, that he was *317 authorized to sell, and the instant he ceased to hold the office, he ceased to have any power or authority to do any further act upon the subject. This power was conferred by' legislative enactment upon his successor in office.
Prior to the act of 1856, by which power is given to sheriffs and revenue collectors, to sell lands, and make titles to the same, for the non-payment of taxes at any time within two years after the expiration of their term of office, they had no power to make such deeds, or acknowledge their execution after they went out of office. It is wholly unlike the case of an officer levying an execution upon personal property, by which the title to the property is vested in him; and, therefore, he can sell after his official term expires. It results, therefore, that the plaintiff acquired no right by his tax deed, and was not the assignee of the entry in the name of Goodrich and Wheaton; and not being such assignee, his entry and grant are void, by the express provisions of the acts of 1851, for want of the required notice of his intention to make his entry to Goodrich and Wheaton, the prior enterer, or their assignees. The judgment of the Circuit Court is erroneous, must be reversed, and the cause remanded for another trial.